50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sasan SHEIKHVAND, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70784.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1995.*
Decided March 15, 1995.
 
 Before: WALLACE, Chief Judge, HUG and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sasan Sheikhvand ("Sheikhvand") petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Sheikhvand is a native and citizen of Iran, who entered the United States on a nonimmigrant visitor's visa in 1986. On May 26, 1989, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Sheikhvand with deportability as an alien who overstayed his nonimmigrant visa. Sheikhvand conceded deportability, but applied for asylum and withholding of deportation.
 
 
 4
 Sheikhvand claims to have a well-founded fear of persecution if he is returned to Iran because of his prior military service under the Shah's regime in Iran, and because of his participation in political activities, both in Iran and the United States, opposing the Khomeini regime. At the deportation hearing, Sheikhvand introduced a subpoena and judgment ("conviction document") that was allegedly entered against him in Iran relating to his political activities. However, both the immigration judge and the BIA found the conviction document to be suspect because Sheikhvand had not submitted it with his asylum application and because they found Sheikhvand's testimony concerning the document to lack credibility. On July 27, 1993, the BIA affirmed the immigration judge's decision that Sheikhvand failed to establish either a well-founded fear of persecution or a clear probability of persecution in returning to Iran.
 
 I.
 
 5
 This Court reviews the BIA's denial of asylum for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The BIA's underlying factual determinations are reviewed for substantial evidence. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). The same standard applies to the BIA's decision to withhold deportation. Diaz-Escobar v. INS, 782 F.2d 1488, 1491 (9th Cir.1986). Under the substantial evidence standard, "the BIA's conclusion, based on the evidence presented, [must] be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). "To reverse the BIA['s] finding, [the court] must find that the evidence not only supports the conclusion, but compels it." INS v. Elias-Zacarious, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 6
 Sheikhvand claims the BIA abused its discretion in concluding that he did not demonstrate a well-founded fear of persecution.[1] However, there is substantial evidence in the record to support that conclusion. Sheikhvand claimed to be fearful because of his prior military service under the Shah, but he conceded that he was never singled out for mistreatment on that basis. Sheikhvand also conceded that he was never arrested, detained or threatened in Iran for his involvement with political opposition groups.
 
 
 7
 When Sheikhvand left Iran for the United States in 1986, he was not fleeing from persecution. And, while in the United States, he only claimed to have had minor participation in any political activities. He gave scant details of this participation and did not produce any corroborating evidence. In short, aside from the alleged conviction document, which the immigration judge and the BIA found suspect, Sheikhvand came forth with no evidence that he was singled out for persecution as a result of his political activities. The BIA's decision that Sheikhvand failed to establish past persecution or a well-founded fear of future persecution must therefore be upheld. See De Valle, 901 F.2d at 790. Moreover, because Sheikhvand failed to demonstrate a well-founded fear of persecution, he failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 II.
 
 8
 Sheikhvand claims that the BIA abused its discretion in concluding that the conviction document was not authentic and that Sheikhvand's testimony concerning the document was not credible. However, the BIA's conclusions were supported by the record. The conviction document was produced for the first time at the hearing. The document states that Sheikhvand was convicted and sentenced in absentia to 10 years imprisonment for his political activities in Iran and the United States. In completing the asylum application, with the assistance of counsel, Sheikhvand did not attach or even mention the conviction document, which he admitted was in his possession. In fact, Sheikhvand stated on the application that he had never been convicted or sentenced in any country.
 
 
 9
 Sheikhvand offered no evidence to authenticate the document, except his testimony. The BIA found Sheikhvand's testimony to lack credibility, and we appropriately defer to such credibility findings during our review. Saballo-Cortez v. INS, 761 F.2d 1259, 1266 (9th Cir.1984). Sheikhvand claimed that he did not mention the document in his asylum application, because he thought his labor application would be approved, and he would not need to rely on his asylum claim to remain in the country. But, as the BIA noted, Sheikhvand was obviously taking the asylum application seriously, because he hired an attorney to assist him. Moreover, Sheikhvand testified that the conviction document indicated that the general prosecutor wanted him to report to his office to "talk" and "explain the situation." The document actually says that Sheikhvand was sentenced to 10 years imprisonment; it mentions nothing about "talking" or "explaining." The BIA gave specific reasons for its credibility findings, and we conclude that those findings were substantially reasonable.
 
 III.
 
 10
 Finally, Sheikhvand claims that the BIA abused its discretion by failing to consider the State Department's Country Reports on Human Right's Practices, which describes the political climate in Iran. This is without merit. The BIA opinion specifically mentioned that Sheikhvand was relying on the Report to support his argument that he has a well-founded fear of returning to Iran. However, the BIA found that Sheikhvand had credibility problems and did not establish that he was subject to individual persecution. See Sanchez-Trujillo, 801 F.2d at 1574 (particularized individual persecution, not merely conditions of discrimination in the country of origin, must be shown before asylum will be granted). The BIA did not abuse its discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sheikhvand also contends that the immigration judge abused his discretion by, among other things, concluding that he failed to show a well-founded fear of prosecution. However, our review is limited to the decision of the BIA. Elanger v. INS, 930 F.2d 784, 787 (9th Cir.1991). Because the BIA had the power to conduct a de novo review of the record, and made independent findings on the relevant issues in this case, any error by the immigration judge may be deemed harmless. See e.g. Quintanilla-Ticas v. INS, 783 F.2d 955, 957 (9th Cir.1986)